943 F.2d 51
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Henry HARPER, Plaintiff-Appellee,
v.
Donal CAMPBELL, Defendant-Appellant.
 No. 90-6475.
 United States Court of Appeals, Sixth Circuit.
 Aug. 23, 1991.
 
 Before NATHANIEL R. JONES and SUHRHEINRICH, Circuit Judges, and TODD, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Donal Campbell, former warden of Turney Center Industrial Prison and Farm, an institution under the jurisdiction of the Tennessee Department of Corrections, appeals the district court's denial of summary judgment in his favor on the issue of qualified immunity in this prisoner's civil rights action under 42 U.S.C. § 1983. For the reasons that follow, we affirm.
 
 I.
 
 2
 Plaintiff Henry Harper, an inmate of the Tennessee Department of Corrections ("TDOC") filed this action on February 10, 1989, under 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201 and 2202. In his complaint, Harper alleged that Campbell violated his right to due process by denying him visitation privileges with Pheneshia Wynn for six months without a hearing.
 
 
 3
 The facts underlying the complaint are quite straightforward. On November 19, 1988, Harper, an inmate at Turney Center, was visited by Pheneshia Wynn. At the conclusion of the visit, Harper was strip searched. During the search, Harper is alleged to have refused a direct order given by the officer conducting the search to produce what the officer believed to be a bag of marijuana which Harper was holding in his mouth. Allegedly, Harper instead swallowed the object. An incident report was filed and thereafter, Campbell, pursuant to TDOC Policy 507.01 considered the incident report dated November 19, 1988. Based upon that report, Campbell denied Harper visitation privileges for six months without a hearing. This action ensued.
 
 
 4
 The district court referred this action to a magistrate for consideration as to whether it was frivolous or malicious in nature under 28 U.S.C. § 1915(d), and for further proceedings if necessary. On October 28, 1989, defendant moved for summary judgment on several grounds including qualified immunity. At this point, the magistrate appointed counsel for Harper and memoranda were filed by the parties.
 
 
 5
 On June 29, 1990, the magistrate issued his report and recommendation suggesting that defendant's motion for summary judgment be denied. Defendant filed timely objections. On October 22, 1990, the district court adopted the magistrate's report and recommendation and denied the defendant's motion for summary judgment. Defendant filed this timely appeal only as to the court's decision with respect to qualified immunity.
 
 II.
 
 6
 The sole question presented in this appeal is whether the district court erred in finding that the defendant was not entitled to qualified immunity. We review de novo a district court's determination on qualified immunity. Hall v. Shipley, 932 F.2d 1147, 1150 (6th Cir.1991).
 
 
 7
 Government officials performing discretionary functions are generally immune "from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." Anderson v. Creighton, 483 U.S. 635, 638 (1987). Whether an official is entitled to qualified immunity "for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action assessed in light of the legal rules that were 'clearly established' at the time the action was taken." Anderson, 483 U.S. at 639 (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 819 (1982)). In this circuit, a right is clearly established if any reasonable official in the defendant's position would have clearly understood that he had an affirmative duty to refrain from such conduct. Dominique v. Telb, 831 F.2d 673, 676-77 (6th Cir.1987). See, also Anderson, 483 U.S. at 638-41.
 
 
 8
 In order to determine whether a right is "clearly established" district courts in this circuit are bound to look to decisions of the Supreme Court, this court and the highest court in the state where the action arose. Eugene D. v. Karman, 889 F.2d 701, 706 (6th Cir.1989), cert. Denied, 110 S.Ct. 2631 (1990). This court has determined that a single recent case from another circuit is insufficient to demonstrate a "clearly established" right for qualified immunity purposes. Id. However, if a district court can cite "binding precedent by the Supreme Court, its court of appeals, or itself," it can find a right to be clearly established and deny qualified immunity to the offending official. Ohio Civil Service Employees Ass'n v. Seiter, 858 F.2d 1171, 1177 (6th Cir.1988).
 
 
 9
 Applying these rules in the context of the instant case, we must decide whether in November 1988, when Campbell denied Harper visitation without a hearing, that any reasonable official in Campbell's position would have understood that he had denied Harper a protected liberty interest in visitation without due process. In analyzing this question, we have carefully reviewed the magistrate's report and recommendation and the district court's opinion adopting the magistrate's report. We find that those opinions are amply supported by the record and are consistent with the relevant precedent of this circuit and the Supreme Court of the United States. Therefore, no useful legal or jurisprudential purpose would be served by the issuance of a duplicative opinion by this court.
 
 
 10
 Accordingly, the district court's opinion adopting the report of the magistrate denying qualified immunity is AFFIRMED.
 
 
 
 *
 The Honorable James D. Todd, United States District Court for the Western District of Tennessee, sitting by designation